IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH J. BUTTERCASE,<br><br>    Plaintiff,<br><br>vs.<br><br>ERIN ELIZABETH TANGEMAN, Bar Number 22924;<br><br>    Defendant. | 8:21CV435<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on Plaintiff Joseph J. Buttercase's ("Buttercase") "Objection to Order (Filing No. 4)." Filing No. 12.

  On November 10, 2021, Buttercase filed a pleading captioned "Complaint for Attorney Discipline" in which he named himself as the "Complainant" and Assistant State of Nebraska Attorney General Erin Tangeman ("Tangeman") as "Respondent." Filing No. 1 at 1. The Court docketed the pleading as a Complaint brought pursuant to 42 U.S.C. § 1983, and the case was originally assigned to Senior District Judge Richard G. Kopf as the Supervising Pro Se Judge. On November 12, 2021, Judge Kopf directed Buttercase to pay the Court's $402.00 filing and administrative fees or submit a request to proceed in forma pauperis ("IFP") within 30 days. Filing No. 4. Shortly thereafter, on November 18, 2021, Judge Kopf entered an order disqualifying himself pursuant to 28 U.S.C. § 455(a) because the Complaint contains allegations accusing Judge Kopf of conspiring and colluding with Tangeman to deprive Buttercase of his constitutional

rights in his pending federal habeas proceeding in Case No. 8:18CV131. Filing No. 5. The matter was then reassigned to the undersigned.[1] Filing No. 8.

On November 29, 2021, Buttercase filed the Objection now before the Court. Filing No. 12. Buttercase objects to the Court's November 12, 2021 Order directing him to pay the filing and administrative fees or file an IFP motion because "[t]his is NOT a civil lawsuit complaint, but a complaint for attorney discipline" under NEGenR 1.8. *Id.* at 1.

In relevant part, NEGenR 1.8 provides:

**(2) Assignments to Presiding Judge.**

The judge (including a bankruptcy judge or a magistrate judge) assigned to resolve an open or closed criminal or civil case is also assigned to resolve any attorney discipline matter that relates to that open or closed criminal or civil case. . . .

**(3) Assignments and Other Responsibilities of the Clerk.**

In accordance with this rule, the clerk of the district court will make assignments to judges of disciplinary matters. The clerk will establish and implement a separate attorney discipline docket. All filings regarding disciplinary matters will be included in that docket and sealed unless ordered otherwise. All filings regarding disciplinary matters will be made in an "Attorney Discipline" ("AD") case and the clerk will "relate" that matter in the CM/ECF record keeping system with the civil, criminal, or bankruptcy cases in which the disciplinary matter arose, if any. "AD" cases involving the same attorney will also be "related." The clerk may seek guidance from the chief district judge in the event a question arises regarding the construction or operation of this rule. The clerk shall follow the direction of the chief district judge, and the chief district judge's decision is final.

NEGenR 1.8(a).

---

[1] Buttercase's pending habeas proceeding was also reassigned to the undersigned after Judge Kopf recused himself in Case No. 8:18CV131.

The Court docketed this matter as a civil case pursuant to 42 U.S.C. § 1983 because Buttercase asserted "claims for relief" against Tangeman based on, inter alia, violations of his civil rights. See Filing No. 1 at 9, 10, 12, & 14. However, in light of Buttercase's statement in his Objection that he did not intend to file a civil lawsuit but rather intended to file an attorney discipline complaint against Tangeman related to his pending habeas proceeding in Case No. 8:18CV131, the Court will close this matter for statistical purposes and direct the clerk's office to file the Complaint, Filing No. 1, in a new "Attorney Discipline" case pursuant to the established procedures under NEGenR 1.8.

IT IS THEREFORE ORDERED that:

1. Plaintiff Buttercase's Objection, Filing No. 12, is granted. No filing and administrative fees will be collected in this matter.

2. The Clerk of the Court is directed to file the Complaint, Filing No. 1, in a new Attorney Discipline case in accordance with the procedures under NEGenR 1.8.

3. The Clerk of the Court is directed to close this case for statistical purposes.

Dated this 9th day of June, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge